The petition seeks to enjoin the county commissioners from receiving bids for and entering into a contract for repairing the bridge across the Scioto river at State street, this city.
It seems that said bridge was constructed by the county in the year 1883. It was entirely paid for out of the county funds, and has ever since been kept in repairs by the county. The bridge is within the corporate limits, but no part of it is located on city property. The entire bridge, substructure and superstructure rests upon property owned by the state of Ohio. The city has never at any time co-operated with the county concerning said bridge, and has never demanded or received any of the bridge taxes levied and collected for its maintenance.
The state, so far as appears, is making no claim for said bridge, and is asserting no claims or objections on account of said structure being located on state property.
W. J. Ford, for plaintiff.
A. T. Seymour, for defendant.
Under this state of facts, I am of the opinion that the city has neither ownership, control or any jurisdiction whatever over said bridge; nor, in the absence of any act on the part of the city, such as demanding a portion of this bridge fund, could the court enforce any such jurisdiction. It neither owns the bridge nor the land on which it is supported. It never contributed any part of the funds for either its erection or maintenance. It has no funds levied for this bridge, and never took steps to procure such.
If then the court should decree that the county can not expend money for the repair of this bridge — a property that the county absolutely owns — there would remain no corporate body which could either assert or be compelled to assert jurisdiction thereon, and the bridge would be in the condition of a derelict at sea.
Section 860, Revised Statutes, provides, among other things, that “when they (cities) do not demand and receive said portion of bridge tax the commissioners shall construct and keep in repair all bridges in such cities and villages.” This section of the statute confers full authority on the county to keep this bridge in repair, notwithstanding it may not be on a state or county road, free turnpike, improved road, abandoned turnpike or plank road, and will continue to retain such jurisdiction so long as the city does not demand and receive said portion of the bridge tax.
The injunction is therefore refused, and this petition is dismissed at plaintiff’s costs. Exceptions noted; notice of appeal; bond $100.